UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRIS BRUCKER,

                Plaintiff,

-vs-                                     Case No.  2:10-cv-00405-FtM-29SPC

LOWE'S HOME CENTER'S, INC., a North
Carolina Corporation,

                Defendant.
_____/

**<u>ORDER</u>**

      This matter comes before the Court on the Plaintiff, Chris Brucker's Motion to Amend Complaint and Partially Lift Stay (Doc. #18) filed on March 29, 2011. The Plaintiff moves the Court to partially lift its Order granting the parties' Joint Motion for Entry of Stay Order (Doc. #16) and allow Plaintiff to file its Amended Complaint pursuant to Fed. R. Civ. P. 15(a).

      The Plaintiff seeks to amend the Complaint (Doc. #1) by joining as a Defendant National Gypsum, the manufacturer of the allegedly defective drywall.  The Defendant Lowe's does not take a position relative to the instant Motion, provided that the granting of the Motion in no way impacts the stay currently in place as to Lowe's.  Pursuant to the Joint Motion for Entry of Stay Order (Doc. #15) the Court stayed this case (Doc. #16) in favor of another class action against Lowe's, <u>Vereen v. Lowe's Home Centers, Inc.</u>, which is currently pending in the Superior Court of Muscogee County, Georgia.  An amended class action settlement has now been agreed to between the putative class members and Lowe's in <u>Vereen</u>. The Plaintiff is also a settlement class representative in

<u>Vereen</u>.

Under rule 15(a), a party may amend the party's pleading as a matter of course before being served with a responsive pleading or up to twenty-one (21) days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. Fed. R. Civ. P. 15(a)(1). Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." <u>Laurie v. Alabama Court of Criminal Appeals</u>, 256 F.3d 1266, 1274 (11th Cir. 2001). However, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); <u>Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc.</u>, 747 F.2d 1396, 1404 (11th Cir. 1984).

The Court finds good cause to grant the requested relief under the "freely given when justice so requires" standard. However, the Court does so without considering the merits or possible defenses to the Amended Complaint. Therefore, Plaintiff's Motion to Amend the Complaint in order to add National Gypsum as a Defendant is due to be granted. The granting of the instant Motion in no way impacts the stay currently in place as to Lowe's.

Accordingly, it is now

**ORDERED:**

(1) Motion to Amend Complaint and Partially Lift Stay (Doc. #18) is **GRANTED**. The Clerk is directed to file an Amended Complaint attached to the instant Motion as Exhibit B with the Court.

(2) The **STAY** is **PARTIALLY LIFTED** as to National Gypsum, but remains in effect as

to the Defendant Lowe's Home Centers, Inc.

**DONE AND ORDERED** at Fort Myers, Florida, this   31st   day of March, 2011.

                                       SHERI POLSTER CHAPPELL
                                       UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record