UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRIS BRUCKER, individually, and on behalf of all others similarly situated,

Plaintiff,

-vs-                              Case No. 2:10-cv-405-FtM-29SPC

LOWE'S HOME CENTERS, INC., a North Carolina corporation and NATIONAL GYPSUM COMPANY, a Delaware corporation,

Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to Amend the Amended Class Action Complaint (Doc. # 43) filed on July 8, 2011. Plaintiff moves for leave to file its Second Amended Class Action Complaint to include, "limiting the putative class to the state of Florida, altering the class definition, adding certain specific factual allegations and removing certain counts." (Doc. # 43, p. 3). As grounds, Plaintiff states the amendments will provide judicial economy, "in that the parties and the Court will not engage in motion practice regarding issues that will be moot subsequent to the filing of the proposed Second Amended Complaint." (Doc. # 43, p. 3). Also, Plaintiff states that he and "the putative class will be severely prejudiced if not allowed to amend the operative pleading in the manner contained in the proposed Second Amended Complaint..." (Doc. # 43, p. 3). Defendant is currently reviewing the proposed Second Amended Class Action Complaint, and has neither agreed to nor opposed its entry. (Doc. # 43, p. 2). Thus, this Motion is now ripe for review.

Under rule 15(a), a party may amend the party's pleading as a matter of course before being served with a responsive pleading or up to twenty-one (21) days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. Fed. R. Civ. P. 15(a)(1). Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Ala. Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Co., 184 F.R.D. 674, 678 (M.D. Fla 1999). Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Nat'l. Indep. Theatre Exhibitors, Inc. v. Charter Fin. Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

Plaintiff states that there is no prejudice to Defendant in his filing of the Second Amended Complaint, because the pleading specifically addresses points raised in the Defendant's Motion to Strike/Dismiss the Amended Complaint, and because the instant litigation is in its infancy and no discovery has commenced. Thus, the proposed Second Amended

Complaint will permit consideration of the cause on its merits. As it is within the discretion of this Court, good cause is found to allow the Plaintiff to amend the complaint as requested.

Therefore, the Court will allow Plaintiff's requested leave to amend the Amended Complaint, and will direct the Clerk to docket the attached proposed Second Amended Class Action Complaint. Additionally, Defendant filed both its Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. # 31), and its Motion to Strike/Dismiss the Amended Complaint's Class Action Allegations (Doc. # 32) on May 26, 2011, which are denied as moot, as a result of Plaintiff's filing of its Second Amended Class Action Complaint.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Leave to Amend the Amended Class Action Complaint (Doc. # 43) is **GRANTED**.

(2) Defendant's Motion to Dismiss (Doc. # 31) is **DENIED** as moot.

(3) Defendant's Motion to Strike/Dismiss the Amended Complaint's Class Action Allegations (Doc. # 32) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of July, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record