UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRIS BRUCKER, individually, and on behalf of
all others similarly situated,

                    Plaintiff,

-vs-                                                    Case No.  2:10-cv-405-FtM-29SPC

LOWE'S HOME CENTERS, INC., a North
Carolina corporation and NATIONAL GYPSUM
COMPANY, a Delaware corporation,

                    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiffs' Motion to Compel Production of Documents Withheld on Claims of Attorney-Client Privilege and Word Product Protection (Doc. #86) filed on January 5, 2012.  Defendant National Gypsum Company filed its Response in Opposition (Doc. #98) on February 3, 2012.  Thus, the Motion is now ripe for review.

Plaintiffs move to compel Defendant National Gypsum Company ("NGC") to produce approximately 3,000 documents which were withheld from production on claims of attorney-client privilege and/or work-product protection.  These documents were listed on a privilege log which had previously been generated in <u>Yee v. National Gypsum Company</u>, a now-dismissed Arizona action involving claims similar to those in this action.  NGC had yellow-highlighted the privilege log to indicate which of the documents it deemed responsive in this class action on behalf of Florida property owners.

In its response, NGC indicates that in a good faith attempt to resolve the issues raised in the Motion to Compel it had undertaken an additional analysis of the privilege log produced in Yee, de-designated and produced certain documents, and produced a revised privilege log to Plaintiffs eliminating entries for the de-designated documents to be produced. (Doc. #98, p. 4, n.1). NGC also represents to the Court that Plaintiffs have failed to engage in a meaningful meet and confer process regarding certain issues raised in their Motion to Compel.  NGC also points out that the privilege log was produced to Plaintiffs nearly one year ago and Plaintiffs are only now moving to compel production of certain documents and objecting to the privilege log.  NGC also states that a supplemental production is being made.  (Doc. #98, p. 10, n.6).

Given that there appear to be numerous issues regarding the claims of privilege over the documents in this case, the Court denies the Motion without prejudice and directs the Parties to meaningfully meet and confer regarding the new privilege log, review the supplemental production. Plaintiffs may file an amended motion if necessary.  The Court finds that this is a more efficient resolution at this point rather than conduct an *in camera* review of thousands of documents, some of which may no longer be at issue.

Accordingly, it is now **ORDERED:**

Plaintiffs' Motion to Compel Production of Documents Withheld on Claims of Attorney-Client Privilege and Word Product Protection (Doc. #86) is **DENIED** without prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this ___28th___ day of February, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record