```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

CHRIS BRUCKER, individually, and on behalf of all others similarly situated,

          Plaintiff,

vs.                     Case No. 2:10-cv-405-FtM-29SPC

LOWE'S HOME CENTERS, INC., a North Carolina corporation and NATIONAL GYPSUM COMPANY, a Delaware corporation,

          Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Objections to January 25, 2012 Order of Magistrate Judge Denying Motion to Allow Designation of Rebuttal Experts (Doc. #101) filed on February 8, 2012. Defendant filed a Response in Opposition (Doc. #104) on February 10, 2012.

A district court reviews an objection to a non-dispositive order of a magistrate judge to determine whether the order was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). In a January 25, 2012 Order (Doc. #94), the Magistrate Judge denied plaintiffs' motion to allow the designation of two more experts as rebuttal experts and extend the deadline for their reports based on:

> the history of the litigation, the number of extensions for expert discovery already granted, the time the Plaintiffs have had prior to this date to prepare their expert reports, the

> fact that the Plaintiffs currently have four experts providing numerous separate reports supporting their claim, the lack of jurisdiction for the late disclosure and the opponent's need to file sur-rebuttals . . . .

(Doc. #94, p. 4.) Plaintiffs argue that despite the Order's conclusions, they have "a procedural right to designate expert witnesses to rebut opinion testimony expressed by an adversary" and "should not be deprived of their right to designate rebuttal experts due to having failed to anticipate in their initial reports the specific criticisms that Defendant included in its responsive expert reports." (Doc. #101, ¶¶ 15,16.)

The Court finds that the Magistrate Judge applied the correct law and that her decision was not clearly erroneous. "Fed. R. Civ. P. 26(a)(2)(C) provides clear deadlines for the submission of expert reports to the court, and Fed. R. Civ. P. 37(c)(1) gives district courts discretion to exclude untimely submissions." Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339, 1348-49 (11th Cir. 2004) (citing Coastal Fuels, Inc. v. Caribbean Petroleum Corp., 79 F.3d 182, 202-02 (1st Cir. 1996)). The Eleventh Circuit has "often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1307 (11th Cir. 2011). The Magistrate Judge exercised her discretion and stated adequate reasons for her decision to not extend the expert disclosure deadline. The Order is neither clearly erroneous nor contrary to law.

Accordingly, it is now

**ORDERED**:

Plaintiffs' Objections to January 25, 2012 Order of Magistrate Judge Denying Motion to Allow Designation of Rebuttal Experts (Doc. #101) is **OVERRULED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of May, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
Counsel of record