UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRIS BRUCKER, individually, and on behalf of all others similarly situated,

    Plaintiff,

vs.    Case No. 2:10-cv-405-FtM-29SPC

LOWE'S HOME CENTERS, INC., a North Carolina corporation and NATIONAL GYPSUM COMPANY, a Delaware corporation,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Exclude Expert Reports and Testimony of Plaintiffs' Expert Witnesses David C. Straus and John Sam Sutton (Doc. #113) filed on March 16, 2012. Plaintiffs filed a Response in Opposition (Doc. #132) on April 16, 2012. On April 26, 2012, defendant filed its Reply Brief in Support (Doc. #147). For the reasons set forth below, the motion is granted in part and taken under advisement in part.

**I.**

Defendant argues that Dr. Straus' new theory (that the cause of the corrosion in plaintiffs' homes is sulfuric acid produced by sulfur oxidizing bacteria) was first raised at the end of his deposition on February 3, 2012 and/or disclosed in revised reports dated March 5, 2012. This opinion should be excluded, defendant

argues, because the disclosure was untimely and failed to comply with the Federal Rules of Civil Procedure and this Court's Case Management and Scheduling Order. (Doc. #113, pp. 33-35.) Plaintiffs respond that the amended reports are timely disclosed supplements pursuant to Rule 26(e)(2) because the reports were disclosed "at least 30 days before trial." (Doc. #132, p. 31.)

Rule 26(a)(2) requires parties to disclose written reports for all of their expert witnesses "at the times and in the sequence directed by the court," and requires that the reports must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Under Rule 26(e), the duty to supplement arises if (1) the party learns that in some material respect the disclosure is incomplete or incorrect, or (2) ordered by the court. "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The following factors guide the Court in determining whether to exclude evidence pursuant to Rule 37(c)(1): "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." <u>Vitola v. Paramount Automated Food Servs., Inc.</u>, No. 08-

61849, 2009 WL 5067658 (S.D. Fla. Dec. 17, 2009)(citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)).

Here, the Court's Case Management and Scheduling Order required plaintiffs to disclose their expert reports on November 18, 2011. (Doc. #76.) On or about November 18th, plaintiffs submitted Dr. Straus' initial reports to defendant in which Dr. Straus stated that sulfur reducing bacteria produce hydrogen sulfide "thus contributing to the observed corrosion in these houses." (Doc. #154-22; Doc. #155-3; Doc. #155-5; Doc. #155-7.) However, during Dr. Straus' deposition on February 3, 2012, Dr. Straus informed defendant of a new theory, stating that the cause of the corrosion is sulfuric acid produced by sulfur oxidizing bacteria. (Doc. #152-11.) On March 8, 2012, plaintiffs provided defendant with Dr. Straus' revised reports dated March 5, 2012, which included the sulfuric acid theory.[1]

The Court finds that the March 5th revised reports are not supplements for purposes of Rule 26(e). "The Rule [26(e)] permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp., No. 05-80183-CIV, 2006 WL 5309506, at *2 (S.D.

---

[1] Between the issuance of the two reports, on January 24, 2012, Dr. Straus issued a revised report only for the Brucker residence (Doc. #155-1), which took into account the revised testing data in Mr. Sutton's report dated January 17, 2012 (Doc. #155-11). The January 24th report did not include the new theory.

Fla. Oct. 18, 2006)(quoting Minebea Co., Ltd. v. Papst, 231 F.R.D. 3, 6 (D.D.C. 2005)). A revised report which includes a new theory or opinion is not proper supplementation under Rule 26(e). See, e.g., La Gorce Palace Condo. Assoc., Inc. v. QBE Ins. Corp., No. 10-20275-CIV, 2011 WL 1522564 (S.D. Fla. Apr. 12, 2011); Cochran v. Brinkmann Corp., No. 1:08-cv-1790-WSD, 2009 WL 4823858 (N.D. Ga. Dec. 9, 2009); Deutz Corp. v. City Light & Power, Inc., No. 1:05-cv-3113-GET, 2009 WL 2986415 (N.D. Ga. Mar. 21, 2009); Samuel v. Goodyear Tire and Rubber Co., No. 7:03-cv-3099-TMP, 2007 WL 4618475 (N.D. Ala. Feb. 14, 2007); Nelson v. Freightliner LLC, No. 5:01-cv-266-Oc-10GRJ, 2003 WL 25781423 (M.D. Fla. Apr. 23, 2003). Therefore, pursuant to Rule 26(a) and the Court's Case Management and Scheduling Order, the March 5, 2012 revised reports were not timely because the reports were not made before the November 18, 2011 due date.

The Court also finds that plaintiffs' failure to timely submit the revised reports is neither substantially justified nor harmless. Until Dr. Straus' deposition on February 3, 2012, plaintiffs' only proposed theory of liability alleged that defendant's defective drywall released hydrogen sulfide gas produced by sulfur reducing bacteria, which led to the corrosion in plaintiffs' home. (Doc. #73, ¶¶ 36, 39; Doc. #154-22; Doc. #155-3; Doc. #155-5; Doc. #155-7.) Defendant justifiably prepared its case

and disclosed experts to rebut the hydrogen sulfide theory.[2] The revised reports were disclosed after discovery was closed and defendant has neither had an opportunity to rebut the new theory through cross-examination of the expert nor prepare a defense to the new theory. Accordingly, the motion to exclude Dr. Straus' March 5, 2012 revised reports on the basis of untimeliness is granted.

**II.**

Defendant also argues that Dr. Straus and Mr. Sutton's initial expert reports should be excluded pursuant to Federal Rule of Evidence 702. Plaintiffs have failed to address defendant's arguments as to the initial reports in their Response in Opposition, seemingly because plaintiffs believed that Dr. Straus' March 5, 2012 expert reports would not be excluded. Given that the motion to exclude may be dispositive to plaintiffs' case, the Court will allow plaintiffs to supplement their response to address the issues raised in defendant's motion. Plaintiffs shall file a response to defendant's motion as to the initial reports by June 22, 2012. The Court allows defendant leave to file a reply brief

---

[2] Plaintiffs assert that defendant was put on notice of plaintiffs' sulfuric acid theory because plaintiffs produced a letter from Dr. Harold Larson and Professor Thomas W. Eager which stated that sulfuric acid was the cause of the corrosion in the Brincku home. (Doc. #132, p. 33.) Given that the Third Amended Complaint and the November 17, 2011 expert reports focused solely on the hydrogen sulfide theory, the cited letter did not serve as adequate notice to defendant to prepare a defense to the sulfuric acid theory.

by June 29, 2012 of no more than 10 pages.  The Court will also allow plaintiffs to file a sur-reply brief by July 3, 2012 of no more than 10 pages.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Exclude Expert Reports and Testimony of Plaintiffs' Expert Witnesses David C. Straus and John Sam Sutton (Doc. #113) is **GRANTED IN PART AND TAKEN UNDER ADVISEMENT IN PART**. The motion is granted to the extent that plaintiffs shall not be permitted to use as evidence at the trial, at a hearing, or on a motion Dr. Straus' March 5, 2012 revised expert reports or the new theory added in those reports.

2. The motion is taken under advisement as to Dr. Straus and Mr. Sutton's initial expert reports.  Plaintiffs shall file a response to defendant's motion as to the initial reports by **June 22, 2012**.  The Court allows defendant leave to file a reply brief by **June 29, 2012** of no more than 10 pages.  The Court will also allow plaintiffs to file a sur-reply brief by **July 3, 2012** of no more than 10 pages.

**DONE AND ORDERED** at Fort Myers, Florida, this 15th day of June, 2012.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies: Counsel of record

Copies: Counsel of record